THE PEOPLE, PLAINTIFF AND RESPONDENT, v. DIODONET, DE-FENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a. Prosecution for Aggravated Assault and Battery.

No. 831.—Decided July 10, 1915.

APPEAL—COMPLAINT.—The .question of whether or not a complaint is properly sworn to should be raised in the lower court.

EVIDENCE—FORMER. ACTS OR CRIMES.—The mere proof of former acts or crimes. does not .tend to-prove the existence of a later act or crime.

ID.—OBJECTION—OFFER TO PROVE.—A question addressed to the party's own wit-ness, if objected to, must be followed by an offer of what is expected to be proved by the answer of the witness, if it is desired to complain of the exclusion of the question, where the purpose of the question is not apparent and the question does not indicate whether the answer of the witness would be material, relevant, or competent; but where the question shows its pur-pose and the materiality of the evidence sought to be elicited, an offer to prove is not necessary.

ID.—ASSAULT AND BATTERY—OFFER TO PROVE.—When the evidence tends to show that an adult man assaulted and beat a woman, hurling her to the ground and beating her while there, the question put to a witness as to the number of fits the prosecuting witness had had was not sufficient in the absence of a more definite offer to prove.

ID.—CONTRADICTORY EVIDENCE.—The principle that a conflict in the evidence should be decided by the court below is applicable not.only when there is a conflict between the witnesses of the opposing sides, but also when the witnesses of the same party virtually contradict one another.

The facts are stated in the opinion.

*Messrs. Tizol & Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, an adult man, was charged with having assaulted and battered Milagros Morales, a woman, striking her and kicking her, grappling her by the neck, inflicting various bruises on her body and hands. There was a trial in the municipal court and a trial *de novo* in the district court, where the defendant was convicted of aggravated assault and battery and sentenced to three months in jail.

The first error alleged is that the complaint is not properly sworn. It does not appear that this question was raised in the court below. In any event the complaint was sworn to by the prosecuting witness, although the writing shows that a policeman signed for her.

The second error alleged is the failure of the court to admit testimony tending to show the number of times the prosecuting witness had had fits (*ataques*). The prosecution had offered evidence to the effect that the prosecuting witness was knocked to the ground by the appellant in the course of the struggle between them, and that she was battered by the defendant while she was on the ground. The defense had presented testimony tending to show that Milagros Morales, the said prosecuting witness, fell to the ground in a fit. The court refused to admit testimony tending to show the number of spells, on the ground that the witness testifying was not a medical expert. The relevancy or materiality of the offered testimony is not apparent. It is a matter of common sense as well as a principle of evidence that the mere proof of previous acts or crimes does not tend to prove the existence of a later act or crime. If the idea of the defense was to prove that the prosecuting witness had the habit of feigning so as to give the impression of suffering, an offer to that effect should have been made. The proof of previous fits has no tendency to prove that the prosecuting witness was pretending to be injured. If the theory of the defense was that the prosecuting witness suffered from disease, then the ruling of the court that the witness was not

an expert was a correct one, in the absence of a more definite offer.

The principle is summed up in 38 Cyc., 1329: "A question addressed to the party's own witness if objected to must be followed by an offer of what is expected to be proved by the answer of the witness, if it is desired to complain of the exclusion of the question, where the purpose of the question is not apparent, and the question does not indicate whether the answer of the witness would be material, or relevant, or competent; but where the question shows its purpose and the materiality of the evidence sought to be elicited, an offer to prove is not necessary." The purpose here was not manifest especially as the evidence tended to show that the defendant continued to attack the prosecuting witness after she was on the ground. A relevant case is *De Forest* v. *United States*, 11 App. D. C., 461, where the court said: .

"At a subsequent state of the case, it was sought on behalf of the defense to elicit from a witness called on that side a statement of the reason given to her by a preceding witness who had testified for the prosecution as to the reason why she had so testified. This was excluded by the trial court, upon its appearing that no one else was present at the conversation. Whether the ground here stated for the exclusion of the proposed testimony was a correct one, we need not stop to consider. Plainly there is no error manifested here by the record. It does not appear how the proposed testimony was in any way relevant. There is no specific offer of proof, as should have been made, if it was intended to rely upon any such testimony; and it is impossible from the record to conjecture its purpose, unless it were to impeach the credibility of the preceding witness; and for that no sufficient foundation had been laid by the interrogation of the witness sought to be impeached."' See also *Pickford* v. *Talbott*, 28 App. D. C., 505, 506.

The only other error alleged is that the proof does not sustain the judgment. Counsel for appellant are well aware of the decisions of this court wherein it is held that a conflict in the proof, admitted to exist here, must be resolved by the court below, but they urge two special reasons for our con-

sideration in this case. The first is that the prosecuting witnesses virtually contradict one another. This might be admitted and the principle still follow that such a conflict must be decided by the court below in the same way as the conflict between the witnesses of opposing sides. But each one of the witnesses of the government, although they differed in details, gives testimony tending to support the complaint, namely, that the appellant had severely battered the prosecuting witness. The other special matter is that the witnesses of the prosecution do not merit belief, the prosecuting witness being a prostitute, totally immoral, one of the witnesses being her lover, another a woman companion and still another her lover's friend. These objections go to the weight of the proof. The appellant points out the more credible character of his own witnesses, but the *fiscal* says they were brother guards of the appellant. The latter were not very close to the scene and did not see all the occurrences recounted by the prosecuting witnesses so that the court must have believed that they did not see much of the struggle. The evidence on both sides was considered or weighed by the court below and we find no passion, prejudice or other element to justify a reversal.

<em>Affirmed.</em>

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison dissented.